ROBERT L. BLAND, Judge,
dissenting.
I think the most serious question in this case arises upon the motion of the state tax commissioner to dismiss the claim for want of jurisdiction to entertain it. As indicated in the majority opinion the claim was submitted to the court upon a stipulation of agreed facts. Thereupon the respondent challenged the jurisdiction of the court to make an award upon such facts. The majority opinion wholly ignores the motion to dismiss, and has made an award upon the ground and for the reasons set forth in said majority opinion. I find myself unable to subscribe to or agree with the views expressed by my colleagues, Judges Smith and Schuck.
Section 14 of the court act, relating to claims excluded from consideration by the court of claims, reads:
"The jurisdiction of the court shall not extend to any claim: * * * 7. With respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of the state.”
The majority opinion sets forth the statute relied upon by respondent as affording claimant a remedy in a court of law of the state.
In the United States District Court for the southern district of West Virginia, in the case of United Artists Corporation v. James, reported in 23 Federal Supplement, page 353, in the finding of facts therein contained and in referring to article 13, chapter 11 of the code of West Virginia, being the statute relied upon by respondent in this case, in order to show that the claimant has a remedy in the courts of law of the state, Judge McClintic, who rendered the opinion therein, takes *37 notice of and recognizes the existence of such statute in this language:
“Such article further provides that (section 8, p. 229) any person, having made the return and paid the tax as provided therein, who feels aggrieved by the assessment made upon him, may apply to the Board of Public Works within thirty days after notice is mailed to him by the Tax Commissioner for a hearing and correction of the amount of the tax so as-ssessed against him, said Board may grant or deny such hearing, and upon a hearing, if gra*nted, may make such order as shall appear to it just and lawful; any person improperly charged with any tax and required to pay the same may recover the amount paid, together with interest, in any proper action or suit against the Tax Commissioner, and the Circuit of the county in which the taxpayer resides or is located shall have original jurisdiction of any such action and shall adjudge costs to such extent and in such manner as may be deemed equitable, and upon presentation of a certified copy of a judgment in any such action the Auditor of the State of West Virginia shall issue his warrant upon any funds in the State Treasury available for the payment thereof; no injunction shall be awarded to restrain the collection of taxes imposed thereby except upon the ground that the assessment thereof was in violation of the Constitution of the United States or the Constitution of the State of West Virginia, or that the same were fraudulently assessed, or that there was a mistake made in the amount of taxes assessed upon such person, and in the latter case the bill must show an application to the Board of Public Works for the correction of the assessment and the payment into the treasury of all taxes appearing by the bill of complaint to be owing.”
In the case of State v. Penn Oak Oil & Gas, Inc., 36 S. E. (2d) 595, in point three of the syllabi, this binding rule of law is stated:
“The provisions of code, 11-14-19, as amended by Chapter 124, Acts of the Legislature, 1939, relating to a refund of the excise tax on gasoline, create the exclusive remedy which may be used to obtain such *38 refund. Any refund provided for therein must be based on an application for the return of a tax theretofore paid.”
Judge Fox, who wrote the opinion of the court in that case, uses this significant language:
“Where a statute imposing a tax provides the taxpayer with a specific remedy against injustices arising thereunder, and the taxpayer fails to avail himself of the remedy so provided, he cannot go outside the statute for other and different remedies.”
Claimant argues that the statute relied upon by respondent to show a remedy in a court of law is unconstitutional and unenforceable.
It is expressly provided in section 4 of the court act as follows:
“The court shall not be invested with or exercise the judicial power of the state in the sense of article eight of the constitution of the state.”
I think that it is obvious that this court has no power to declare a statute of the state unconstitutional. I think, moreover, that this court is bound and controlled by the provisions of the code and acts of the Legislature. For us to declare any such act unconstitutional or unenforceable would certainly be an act of superarrogation upon our part.
Believing as I do, after much thought and reflection, that claimant does have a remedy in the courts of the state, I deem it unnecessary to discuss, at least at any length, the claim upon its merits. Indeed I am impressed by the thought that the claim is meritorious in many respects. It has undoubted equities. If I could persuade myself that the court of claims has jurisdiction of the claim I do not think that I would encounter much difficulty in voting for an award.
The claim has been most capably presented to this court. It has been ably argued. The briefs filed on both sides show the *39 seriousness with which the claim is regarded by both parties. I do not think that the majority opinion is in any respect an answer to the convincing argument of respondent.
The majority opinion dealing with the claim upon its merits says:
“While the claimant’s request for refunds for tax overpayment for both years 1943 and 1945 is based on different equitable and legal grounds, the majority of this court has consistently held that such overpay-ments constitute a moral obligation upon the state of West Virginia to make a refund, and awards have been made and so recommended to the Legislature for payment.”
So far as I can recall, the instant case is the first one that this court has ever had dealing with renegotiations with the Federal Government. I believe that the case stands upon a distinct basis. I do not agree with the majority opinion stated. It is true that since the determination made in The Raleigh County Bank case the court, as now constituted, has been making awards, notwithstanding the failure of claimants to make application to the state tax commissioner for refunds within the period prescribed by statute. This policy did not prevail during the period that Judge Elswick sat as a member of the court of claims. In my second dissenting statement in The Raleigh County Bank v. State Tax Commissioner, 4 Ct. Claims (W. Va.) 42, I set forth my views at some length, and now refer to said statement.
The court is divided on the question of making refunds where there has been failure on the part of a claimant to make application to the tax commissioner for a refund within the period prescribed by law to do so. The court has not, notwithstanding its recent holdings, disapproved the Del Balso case or the Fairmont Coal Company case. Since that time Judge Schuck has concurred in the State Construction case and in the Long cases, in both of which awards were denied following the policy outlined in the very beginning of the court’s work.
*40 I desire to acknowledge the splendid help which I have received from the very able brief filed in the case on behalf of claimant and the like able brief furnished by counsel for respondent.
Since I believe that a remedy exists in the courts of law on behalf of claimant and that this court is by statute precluded from taking jurisdiction of the claim, I would sustain the motion of respondent to dismiss said claim.